IN THE UNITED STATES DISTRICT COURT FOR THE
                        WESTERN DISTRICT OF MISSOURI
                             ST. JOSEPH DIVISION

STEVEN C. CRAWFORD,            )
                               )
          Plaintiff,           )
                               )
     v.                        )  Case No. 12-6068-CV-SJ-REL
                               )
RICHARD A. RYAN and            )
LORETA J. RYAN,                )
                               )
          Defendants.          )

## ORDER

Before the court is defendants' motion to dismiss plaintiff's complaint. On May 3, 2013, I entered an order giving the parties until May 7, 2013, to file notice that additional briefing or evidence was needed since the motion was being converted to a motion for summary judgment. No notice having been filed by either party, the issue is ready to rule.

## I.  *BACKGROUND*

On August 17, 1995, defendants[1] sold the property at issue in the underlying action. On August 16, 2000, defendants filed a lawsuit in state court against plaintiff, nine other individuals, and six companies alleging a conspiracy to defraud defendants in connection with the sale of the property. Defendants sought to recover from plaintiff special damages of $500,000 and punitive damages of $1,000,000. On March 21, 2006, summary judgment was entered in favor of plaintiff. In April 2009, defendants went to

---

[1]In the underlying state suit, Crawford was a defendant and the Ryans were the plaintiffs. However, Crawford will be referred to as the plaintiff throughout this order since he is the plaintiff in this federal suit, and the Ryans are referred to as defendants since they are the defendants in this federal suit.

trial against the one company left in the suit and won a judgment against that company in the amount of $2,440,953 plus interest. On April 2, 2010, the trial court entered final judgment which included the $2,440,953 plus interest and judgment in favor of plaintiff on all counts.

The trial court's grant of summary judgment was appealed by both parties. On August 23, 2011, the Missouri Court of Appeals affirmed the trial court's grant of summary judgment and found defendants' cross appeal moot. Defendants were paid $2,726,000 on January 9, 2012, pursuant to the jury verdict.

On January 30, 2012, plaintiff filed the instant complaint alleging that defendants had no reasonable ground and no just cause or excuse to file the suit in state court against plaintiff. Plaintiff alleges that he incurred damages in the form of attorney's fees and expenses in the amount of $123,421.43 defending the state lawsuit. Plaintiff now seeks that amount in damages based on that malicious prosecution.

Defendants filed a motion to dismiss this federal case. In support, defendants allege that plaintiff paid the defendants $20,000 to settle the "canceled deeds and quiet title" claim in the underlying lawsuit which constitutes a successful claim; and because plaintiff must show that the entire proceeding in the underlying lawsuit lacked probable cause, his claim fails. Defendants, in their motion to dismiss, allege that:

> Apparently concerned about a potential appeal and the absence of finality, several months after the summary judgment ruling [plaintiff] contacted the [defendants']

counsel for the purpose of reaching a settlement on the
previously dismissed Count IV claim to quiet title. On
November 27, 2006, the parties executed a Partial Settlement
Agreement and Special Mutual Releases providing that in
return for payment of $20,000 by [plaintiff], the
[defendants] agreed to release [plaintiff] from any claims
or causes of action relating to Count IV, and further agreed
that they would not appeal the summary judgment ruling on
Count IV.

Plaintiff opposes the motion to dismiss, first arguing that because defendants included exhibits with their motion to dismiss it should be converted to a motion for summary judgment, and second arguing that:

[T]here is nothing in the Circuit Court's record or in the
terms of the Settlement Agreement that provides that Count
IV had probable cause or merit, nor did the execution of the
Settlement Agreement somehow imbue Count IV with any indicia
of probable caused or merit. . . . Quite often, a defendant
will make a financial decision to settle a frivolous lawsuit
for a nominal amount rather than continue to pay litigation
costs, which can be expensive. Such a decision, however,
does not mean that the lawsuit had merit. . . .

Attached to plaintiff's response to the motion to dismiss is an affidavit, the state court motion to dismiss, and other documents in which plaintiff states that defendants sold the subject property in August 1995 to Burnham and Hurt (not parties to this federal suit) for $960,000. The property was purchased with $700,000 which was financed through Provident Bank and the remaining $260,000 was financed by the defendants who then held a second deed of trust expressly subordinated to the first deed of trust held by Provident Bank. During 1996, the Burnhams defaulted on their loan with Provident Bank who then foreclosed on the property. Defendants had notice of the foreclosure sale

3

and attended the sale, but they did not bid on the property. Provident Bank purchased the property at the foreclosure sale for the amount of the first mortgage debt, and as a result defendants' second deed of trust was eliminated. Provident Bank then sold the property to Wayne and Connie Lemon (not parties to this federal suit) in 1996. On January 14, 1997, plaintiff purchased the subject property from Wayne and Connie Lemon for $700,000, all of which was financed.

On August 16, 2000, defendants filed a lawsuit in state court and claimed an "equitable Vendors Lien" based on allegedly fraudulent misrepresentations. In Count IV of that state court lawsuit, defendants sought to rescind all transactions involving the sale of the property and to cancel all deeds in connection therewith. Although they sought to quiet title in their names and filed a Notice of Lis Pendens on the property, it is alleged that they never offered or tendered back the $700,000 they received for the property. On December 16, 2004, the state court granted a motion to dismiss Count IV (quiet title) and ordered defendants to release their Notice of Lis Pendens. On March 21, 2006, the state trial court granted summary judgment in favor of plaintiff on the other counts in which he was named.

In the meantime, on September 4, 2002, plaintiff had sold the property to the City of Kansas City. Because of the Notice of Lis Pendens, plaintiff was unable to procure a title insurance policy on the property without first delivering a letter of

credit in the amount of $700,000. In order to get that letter of
credit, plaintiff was required by the bank to deliver into escrow
personal assets having a value in excess of $1,000,000. The
deposit of those assets into escrow "was solely the result of the
[defendants] filing Count IV of the Ryan Suit and their Notice of
Lis Pendens." After the Notice of Lis Pendens was withdrawn,
plaintiff was informed by the bank that it would not release the
letter of credit until the entire state lawsuit was concluded or
a release was obtained from the defendants for Count IV, the
quiet title count. As a result, plaintiff alleges that he
offered to pay a nominal sum of money to the defendants in return
for a release of Count IV. Plaintiff alleges that defendants
demanded a payment of $20,000 for the release -- the release
required by the bank to return plaintiff's $1,000,000 escrow
assets.

Plaintiff's affidavit states:

> I reluctantly decided to go forward with the partial
> settlement agreement with the [defendants], even though
> Count IV of the Ryan Suit against me had been dismissed by
> the Trial Court as being without merit, because I badly
> needed the Escrow Assets in order to continue doing
> business. I was in a position of disadvantage and
> [defendant's attorney] and the [defendants] took full
> advantage of my predicament to exploit it for their benefit.

Plaintiff argues that the order of the state trial court
dismissing the quiet title count for failure to state a claim
upon which relief could be granted was never withdrawn, vacated
or amended. Plaintiff further points out that:

> On April 2, 2010, the Trial Court entered final judgment in
> the Ryan Suit. That final judgment included a damage award

5

> in favor of the [defendants] and against Block & Company, Inc. in the amount of $2,440,953, plus interest. It also included complete judicial relief in my favor, and terminated all claims asserted by the [defendants] against me. That final judgment included disposition of all three Counts of the Ryan Suit in my favor.

In their reply, defendants argue that plaintiff is unable to demonstrate one of the necessary elements of malicious prosecution -- lack of probable cause. Defendants point out that although plaintiff concludes that the state trial court's dismissal of Count IV means there was no probable cause to support it, the order is actually a one-paragraph order and lists no reasons at all for the granting of the motion to dismiss. Defendants argue that the motion to dismiss that was granted by the state court put forth only one reason in support of dismissal, and that was that the pleading did not include a necessary allegation that there was a tender back of all consideration -- not that the count lacked probable cause. Defendants also argue that the allegation of financial duress does not prove lack of probable cause.

> Plaintiff made a rational calculation about how to serve his own business interests, and paid the [defendants] $20,000 to further his objectives with regard to title issues relating to the property. There is no evidence that anyone kept plaintiff from exercising his free will, and so his complaints of duress and exploitation by others ring hollow.

Finally, defendants argue that plaintiff confuses a lack of probable cause with a lack of merit.

## II. *SUMMARY JUDGMENT*

Rule 56(c), Federal Rules of Civil Procedure, permits summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The key to determining whether summary judgment is proper is ascertaining whether there exists a genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. <u>American Academy of Family Physicians v. United States</u>, 75 A.F.T.R.2d 95-1709 (W.D. Mo. 1995), <u>aff'd</u> 91 F.3d 1155 (8th Cir. 1996). The party moving for summary judgment has the burden of proving that these requirements for summary judgment have been met. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970).

In a summary judgment analysis, a court must first consider whether there are any issues of fact. If the only issues are issues of law, then summary judgment is appropriate. <u>Disesa v. St. Louis Community College</u>, 79 F.3d 92, 94 (8th Cir. 1996). If issues of fact are raised, a court must consider whether these issues are material to the outcome of the case. Materiality is identified by the substantive law that is to be applied. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 248. Factual

disputes that are collateral to the substantive law will not preclude summary judgment. Id.

In addition to the requirement that a dispute of fact be material, the dispute must also be genuine. A dispute of fact is considered genuine if the non-moving party has produced sufficient evidence such that a reasonable jury could return a verdict for that party. Id. at 249. When considering a motion for summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. Id. at 255. If the evidence submitted by the non-moving party is merely colorable or is not significantly probative, then summary judgment may be granted. Id. at 249-250.

Where the party moving for summary judgment does not bear the burden of proof at trial, that party must show "that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). This burden is met when the moving party identifies portions of the record demonstrating an absence of a genuine issue of material fact. Id. at 323. If the moving party meets the requirement, the burden shifts to the non-moving party who must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 474 U.S. at 248. The trial judge then determines whether a trial is needed -- "whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

Under Missouri law, plaintiff must establish the following elements of a malicious prosecution claim:

- commencement of a prosecution against the plaintiff by the defendant
- the suit was terminated in favor of the plaintiff
- there is a want of probable cause
- defendant's conduct was actuated by malice
- plaintiff was damaged

Duvall v. Lawrence, 86 S.W.3d 74, 84 (Mo. Ct. App. 2002).

Because malicious prosecution suits countervail the public policy that the law should encourage citizens to aid in the uncovering of wrongdoing, the courts require strict and clear proof of each element. Sanders v. Daniel Intern. Corp., 682 S.W.2d 803, 806 (Mo. 1984); Holley v. Caulfield, 49 S.W.3d 747, 750 (Mo. Ct. App. 2001).

At issue in this motion is the element requiring "want of probable cause." Probable cause for initiating a civil action consists of "a belief in the facts alleged, based on sufficient circumstances to reasonably induce such belief by a person of ordinary prudence in the same situation, plus a reasonable belief by such person that under such facts that claim may be valid under the applicable law." Haswell v. Liberty Mut. Ins. Co., 557 S.W.2d 628, 633 (1977). Proving lack of probable cause involves proving a negative, thus, the slightest proof is all that is required to make a prima facie case. Id. Where there is no dispute about the facts of a claim of malicious prosecution,

probable cause is a question of law for the court to determine. Hernon v. Revere Copper & Brass, Inc., 494 F.2d 705, 707 (8th Cir. 1974); Kelley v. Kelly Residential Group, Inc., 945 S.W.2d 544, 549 (Mo. Ct. App. 1997).  However, "[i]f any material part of the evidence showing existence or want of probable cause is in conflict, a fact issue exists that is sufficient to make a submissible case." Ehrhardt v. Herschend, 294 S.W.3d 58, 59 (Mo. Ct. App. 2009).

Dismissal of a defendant's action against the plaintiff is not alone sufficient to conclude a lack of probable cause. Haswell v. Liberty Mut. Ins. Co., 557 S.W.2d at 633 (citing Jones v. Phillips Petroleum Co., 186 S.W.2d 868, 875 (Mo. Ct. App. 1945)).  However, a settlement agreement is not sufficient to conclude existence of probable cause.

In this case plaintiff argues that he entered into the settlement agreement under financial duress which was caused by defendants' lawsuit and defendants' demand that they be paid $20,000 to sign a release, even though they had already lost in state court on the relevant claim.  Defendants argue that plaintiff made a business decision that benefitted him at the time and that the settlement agreement is evidence of probable cause despite the state court decisions.

I find that the underlying facts are in dispute and therefore whether probable cause existed for the state court suit cannot be determined at this time.  As a result, defendants' motion for summary judgment will be denied.

***III. CONCLUSION***

Because there remains a factual dispute which precludes the determination of probable cause for the underlying state lawsuit, it is

ORDERED that defendants' motion to dismiss, converted to a motion for summary judgment, is denied.

                                            /s/ Robert E. Larsen
                                        ROBERT E. LARSEN
                                        United States Magistrate Judge

Kansas City, Missouri
May 28, 2013